UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUBEN O. PENA,

          Plaintiff,

    v.

HEWLETT-PACKARD INC.,

          Defendant.

Case No. 25-cv-09919-NW

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, SCREENING COMPLAINT, DISMISSING WITH LEAVE TO AMEND, AND TERMINATING MOTION AS MOOT**

Re: ECF Nos. 2, 3

On November 17, 2025, self-represented plaintiff Ruben O. Peña initiated this lawsuit by filing a complaint and an application to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2.[1] The Court GRANTS Peña's IFP application. In addition, upon screening, the Court finds Peña's complaint deficient under 28 U.S.C. § 1915(e). Accordingly, by no later than March 6, 2026, Peña must file a first amended complaint that cures the deficiencies identified in this Order. If Peña fails to do so, this case may be dismissed for failure to prosecute. Finally, because the complaint in this case is no longer operative, and because the motion was not filed pursuant to this Court's Standing Order for Civil Cases, Peña's motion for a damages determination (ECF No. 3) is TERMINATED as moot without prejudice to refile it.

I.      **BACKGROUND**[2]

On November 17, 2025, Peña filed a complaint against Defendant Hewlett-Packard, Inc. ("HP") titled "Federal Civil Patent Lawsuit Regarding Patents and Inventor's Rights, Enforced by Spain Legal Authority & Spain Jurisdiction over California Law." Compl., ECF No. 1. Peña's

---

[1] Other than the complaint, record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] The factual background is drawn from Peña's complaint. *See* ECF No. 1.

United States District Court
Northern District of California

claims appear to relate to work he performed while employed at HP.  Peña alleges that he is an inventor (one of three) of U.S. Patent No. 5,680,164 (the '164 patent), filed on November 29, 1994, and issued on October 21, 1997.

Peña alleges that the invention embodied by the '164 patent was "conceived in Oregon, then fully developed, fully reduced to practice, fully defended, fully documented, fully disclosed, and fully patented while" he was living and working in Spain, "employed by Hewlett-Packard Espana, S.A. in Sant Cugat del Valles."  Compl. ¶ 3.  Peña also claims that inventing the '164 patent was outside the scope of his job duties in HP's Quality Assurance department.

Peña further claims that under Spanish law, "inventions created outside the normal scope of employment, or beyond expected responsibilities, entitle the employee-inventor to royalties, remuneration, and compensation."  *Id.* ¶ 4.  On December 28, 2020, the Catalunya Supreme Court issued a decision affirming Peña's right to compensation and issued a right to sue HP.  The complaint alleges that "Spanish attorneys and courts tolled the statute of limitations repeatedly over many years, with the final tolling order issued November 15, 2024, granting an additional one-year tolling extension."  *Id.* ¶ 6.

Peña alleges that for two decades HP has benefited from the '164 patent but has not paid him compensation, royalties, or renumeration.  Peña's seeks a "judicial determination of damages owed under (1) Fair Remuneration Under Applicable Foreign Spanish Substantive Inventor-Rights Law, . . . (2) Quantum Meruit, (3) Promissory Estoppel / Reliance Damages, (4) Breach Of Contract (Inventor Statutory Compensation), (5) Unjust Enrichment / Restitution Damages, (6) Disgorgement, (7) Declaratory Relief / Accounting, (8) Stock-Price Appreciation Enrichment / Interest, (9) Fraudulent Concealment (Equitable Tolling) I.E. Recognition Of Spanish Tolling Orders; (10) Gains / Profits / Interest Derived From Hp's 19.97% Global Market-Share Recapture Over The 20-Year Life Of U.S. Patent No. 5,680, 164a; And (11) All Available Legal And Equitable Relief."  *Id.* ¶ 10 (emphasis and capitalization omitted).

## II.    LEGAL STANDARD

Plaintiff's application to proceed *in forma pauperis* is governed by 28 U.S.C. § 1915, which provides in relevant part that "any court of the United States may authorize the

commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an affidavit . . . that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a).

When a district court grants *in forma pauperis* status, the court must screen the complaint and dismiss the action if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (screening requirement of § 1915(e) applies to all *in forma pauperis* complaints). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In making this determination, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted). The Court must also "construe a pro se plaintiff's pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (cleaned up). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *as amended* (Oct. 9, 1992).

A complaint must also comply with Federal Rule of Civil Procedure 8, which requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The failure to comply with Rule 8 is a basis for dismissal that is not dependent on whether the complaint is without merit. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Accordingly, even claims which are not on their face subject to dismissal under Rule 12(b)(6) may still be dismissed for violating Rule 8(a). *Id.*

United States District Court
Northern District of California

3

### III.    DISCUSSION

#### A.    *In Forma Pauperis* Application

A district court may authorize a plaintiff to proceed *in forma pauperis* if the court is satisfied the would-be plaintiff cannot pay the filing fees required to pursue the lawsuit.  *See* 28 U.S.C. § 1915(a)(1).  Having considered the application, the Court hereby GRANTS Plaintiff's application.

#### B.    Screening of Peña's Complaint

Here, Peña's complaint does not comply with Rule 8.  "Something labeled a complaint but written … without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."  *McHenry*, 84 F.3d at 1180.  To comply with Rule 8, a complaint need not provide detailed factual allegations, but it is "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief."  *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).  A plaintiff must do more than assert "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* Rather, the plaintiff must provide sufficient factual allegations "to state a claim to relief that is plausible on its face."  *Id.* at 570.

Peña's complaint fails to identify what specific wrongs HP committed.  For example, Peña brings a breach of contract claim, but fails to state whether a contract, either express or implied exists.  Instead, Peña alleges that "HP Inc. as well as HP Spain promised, explicitly and implicitly, to compensate as well as recognize Employees for inventions."[3]  Compl. ¶ 34.  This is insufficient. Establishing a claim for breach of contract requires a showing of "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."  *D'Arrigo Bros. of California v. United Farmworkers of Am.*, 224 Cal. App. 4th 790, 800 (2014) (citation omitted).  Peña fails to allege at least the first two elements: existence of a contract and plaintiff's performance or excuse for nonperformance.

As another example, Peña asserts a claim for "Violation of Spanish Substantive Inventor-

---

[3] The Court notes that only HP Inc. (named as Hewlett-Packard Inc.) not HP Spain was sued.

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

Rights Law" (Count 6). ECF No. 1. However, the only allegations under this title is "Spanish law mandates compensation for inventions beyond normal job duties," and "HP Inc. violated these obligations." *Id.* ¶ 42. These allegations do not identify what Spanish law applies or how HP violated the law. Thus as drafted, HP does not have fair notice of the claim against it or how to prepare a proper defense.

Peña's other claims—eight total—are similarly deficient. All fail to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (cleaned up). Additionally, Peña references an "exhibit list" of materials in his complaint that were not included. *See* ECF No. 1 at 19.

To comply with Rule 8's pleading requirements, Peña may amend the complaint to allege:

1. The specific laws or rights HP allegedly violated, including the legal elements that establish each cause of action;

2. For each law or right, the specific factual allegations that connect HP with the alleged wrongdoing, including the dates, names of individuals involved, and what each individual did;

3. How Peña was harmed because of HP's action or inaction; and

4. The relief sought.

Peña may also attach relevant documents to the amended complaint.

Peña is encouraged to consult with the Legal Help Center for advice about retaining counsel and the rules for proceeding pro se. *See* https://cand.uscourts.gov/pro-se-litigants/.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's complaint is DISMISSED with leave to amend. Any amendment consistent with this Order must be filed within 28 days, or by March 10, 2026.

**IT IS SO ORDERED.**

Dated: February 10, 2026

Noël Wise
United States District Judge

5